UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN J. JUDGE,

                    Plaintiff,

           - against -

NEW YORK CITY POLICE DEPARTMENT, et al.,

                    Defendants.

OPINION

05 Civ. 2440 (JSR) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Kevin J. Judge, filed this action *pro se* on February 28, 2005, against the New York City Police Department and the City of New York (together, "City" or "Defendants") alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and New York State and City counterparts. Before the Court is Judge's motion for leave to supplement his Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to add new claims of discrimination and retaliation based on an incident subsequent to filing his Complaint in this action. For the reasons that follow, Judge's motion is **DENIED**.

## II. BACKGROUND

The facts relevant to the instant motion are as follows. Discovery in this case closed on or about June 30, 2006, and was followed by the City's motion for Summary Judgment. After granting extensions in the briefing schedule of this motion, on February 19, 2008, this Court denied the City's motion for summary judgment as to Judge's discrimination claim and granted the City's motion as to Judge's retaliation claim. (Report & Recommendation, February 19, 2008

(RLE), *aff'd* March 27, 2008 (JSR).) On July 22, 2008, newly retained counsel for Judge filed a notice of appearance. (Docket Entry #51.) After a series of extensions, on July 24, 2008, the Joint Final Pretrial Order deadline was set for September 22, 2008. After an initial phone call to the Court, on September 20, 2008, Judge's counsel wrote to the Court requesting leave to amend Judge's Complaint to add new claims of discrimination and retaliation against Judge by the City. On October 24, 2008, Judge filed the instant motion to file a Second Amended & Supplemental Complaint ("Prop'd Supp. Comp.") pursuant to Rule 15(d).

In the proposed Complaint, Judge alleges another instance, occurring on and around July 25, 2008, of employment discrimination based on gender in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*; New York State Human Rights Law, NY EXEC. LAW §§ 209 *et seq.*; and New York City Human Rights Law, NYC ADMIN. CODE § 8-101. Judge additionally alleges illegal retaliation by the City as a result of his maintenance of the instant litigation, including Judge's defeat of the City's summary judgment motion as to Judge's initial claim of discrimination. (Prop'd Supp. Compl.¶ 15.) Judge makes the following factual allegations in support of these new claims: 1) He has worked in the New York City Police Department E-911 communications section for thirty-five years and has the most seniority of anyone in that section, *id.* ¶ 4; and 2) on July 25, 2008, Defendants made a round of promotions within this section and he was passed over for promotion in favor of a less senior and less qualified woman, *id.* ¶¶ 8, 10, 13.

In support of his motion for submitting an amended and supplemental complaint, Judge asserts that since the events underlying the new claims against Defendants occurred since the original pleadings, the governing standard is provided in Rule 15(d) of the Federal Rules of Civil Procedure. (Plantiff's Memorandum of Law in Support of Motion to Submit an Amended

Complaint, Oct. 24, 2008 ("Pl.'s Mem.") at 1.) Judge argues that Defendants are not unfairly burdened or prejudiced, and that "by its timing, [Defendants'] failure to promote gives a clear inference of retaliation." *Id.* at 4.

Defendants responded to the Court by letter dated November 14, 2008, noting their position with respect to Judge's application for leave to file a second amended and supplemental complaint. The Defendants do not oppose Judge's motion but request that if the Court grants Judge leave to amend Defendants be permitted to conduct discovery and make appropriate dispositive motions. (Defs.' Letter to the Court, Nov. 14, 2008 ("Defs.' Response") at 1.)

### III. DISCUSSION

**A. Legal Standard**

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, permission to file supplemental pleadings under Rule 15(d) may be granted, "when the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); *see also Corum v. Beth Israel Medical Center*, 359 F. Supp. 909, 914 (S.D.N.Y. 1973) (noting that supplementing pleadings with transactions and occurrences since

3

the date of the original proceedings complied with Rule 15(d) and may support policy considerations such as judicial economy). Rule 15(d) "permits a party to move to serve a supplemental pleading and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just."[1] *Quaratino*, 71 F.3d at 66. Courts determining whether to grant a motion to supplement their pleadings based on Rule 15(d) should contemplate prejudice to the opposing party and, in their discretion grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (*referencing LaSalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir. 1986), *cert. denied*, 107 S. Ct. 3212 (1987); C. Wright & A. Miller, *Federal Practice and Procedure* § 1504, at 542-43 (1971)).

Judge requests to supplement his Complaint based on events that arose after filing his Complaint. Indeed, the events occurred only after the close of discovery and the Court's resolution of the Defendants' motion for summary judgment. As such, the Court does not find any undue delay or bad faith on the part of Judge in filing the instant motion at this time. Further, in the setting of notice pleadings, Judge has presented factual allegations likely to withstand a motion to dismiss pursuant to Rule 12(b)(6), as courts have recognized is the measure for

---

[1] In *Quaratino* the Court of Appeals held the district court had abused its discretion in denying Plaintiff the opportunity to supplement her Complaint with a claim for retaliation in failing to rehire her after she received a right to sue letter from the EEOC and subsequently initiated a suit against Defendants for pregnancy discrimination in violation of Title VII and New York State Human Rights Law. *Quaratino*, 71 F.3d at 65-66.

determining the futility of an amendment.[2] *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (*citing Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). However, for two critical and interlinked reasons the Court concludes that Judge's motion should be denied: 1) prejudice to Defendants and 2) the Court's interest in judicial economy and timely resolution of disputes. As aforementioned, this case was initiated in early 2005, discovery was extended numerous times and ultimately closed in 2006, the Court heard and ruled on Defendants' summary judgment motion, and the Court had set a deadline for the Parties to submit their Joint Final Pretrial Order. While the Court finds no fatal flaw on the face of Judge's new allegations based on the limited record before it, the Court concludes the prejudice Judge will suffer in having to seek remedy for any new allegations by filing a subsequent suit is not so great as to outweigh the prejudice Defendants would suffer if they are not permitted to investigate and conduct discovery relevant to Judge's new allegations. (*See* Defs.' Response at 1.) To resolve said prejudice, the Court would be required to reopen discovery and extend the life of case for many months when it is basically trial ready. The Court concludes this would fail to promote the efficient and speedy disposition of the original controversy between the parties and would further contribute to the delay in resolving the instant case.

Finally, the Court notes that, despite the presence of a correlation between Judge's new claims and the events of alleged discrimination in the original Complaint, there has to be some endpoint to discovery and litigation in any matter. Judge's new allegations focus on another

---

[2] In arguing that the timing of the City's failure to promote alone gives an inference of retaliation, Judge references *Cifra v. GE*, 252 F.3d 205 (2d Cir. 2001). There, the Court of Appeals examined Plaintiff's *prima facie* retaliation case in the context of Defendants' Summary Judgment motion and concluded that a temporal link between the Defendant learning Plaintiff had hired an attorney to pursue a gender discrimination suit against them and her termination was enough to withstand a determination that there was no causal connection element as a matter of law. *Id.* at 217.

instance of failure to promote. Were the Court to grant Judge leave to supplement his Complaint and reopen discovery as to these events, the question arises, what happens if there is yet another subsequent instance of failure to promote? The Court finds judicial economy necessitates a conclusion, and this is it.

## IV. CONCLUSION

Based on the foregoing, Judge's motion to supplement his Complaint is **DENIED.**

**IT IS HEREBY ORDERED** that Parties should submit the Joint Final Pretrial Order to the Honorable Jed S. Rakoff on or before **January 8, 2008.**

**SO ORDERED this 8th day of December 2008
New York, New York**

**The Honorable Ronald L. Ellis
United States Magistrate Judge**

6